UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

L.O., *a minor*,                                : 
                                                :
        Plaintiff,                    :
                                                :
        v.                            :  No. 5:18-cv-00357
                                                :
DAVID T. STEVENSON, *former staff worker*;      :
TAWNIE (TANIA) ROSS, *staff supervisor*;        :
MARK KERN, *staff supervisor*;                  :
JOSEPH CHOI, *director*;                        :
DREW FREDERICKS, *director*;                    :
JASMINE TORRES, *staff worker*;                 :
JASMINE VARGAS, *staff worker*;                 :
ANITA SIMS, *staff worker*;                     :
LISA RIOS, *staff worker*;                      :
JOHN DOE(S), *staff worker(s) and/or supervisor(s)* :
*and/or administrators*; and                    :
LANCASTER COUNTY YOUTH                          :
INVERTENTION CENTER,                            :
                                                :
        Defendants.                   :
_____

# **O P I N I O N**

**Lancaster Defendants' Motion to Stay and Dismiss, ECF No. 11 – Granted in part**
**Plaintiff's Motion to Amend Complaint, ECF No. 13 – Granted in part**
**Defendant David T. Stevenson's Motion to Stay, ECF No. 15 – Denied as moot**
**Plaintiff's Motion for an Order Compelling Discovery, ECF No. 18 – Denied**
**Plaintiff's Amended Motion for an Order Compelling Discovery, ECF No. 19 – Denied**

**Joseph F. Leeson, Jr.**                                                            **August 21, 2018**
**United States District Judge**

### I.    Background

In January 2018, Plaintiff L.O., a sixteen-year-old minor, filed her Complaint in this matter. The Complaint alleges the following facts.

In 2016, L.O. "was deemed a dependent child by the [c]ourt" and was placed in the Lancaster County Youth Intervention Center ("LYIC") from approximately October 2016 to April 2017 and from June of 2017 to July 2017. Compl. ¶ 20. LYIC "purports to provide temporary and emergency care for alleged and adjudicated dependent and delinquent juveniles." Compl. ¶ 51. In October 2016, Defendant David T. Stevenson, a fifty-three-year-old staff member at LYIC, began sexually harassing L.O. Compl. ¶¶ 23-24. In one incident in December 2016, Stevenson borrowed a book from L.O. in which L.O. had kept several pictures of herself. Compl. ¶ 27. When Stevenson returned the book to L.O., she realized that one of the pictures was missing and asked Stevenson to return it to her. Stevenon, with a "strange smile on his face," removed the picture from his pocket and showed it to her; it was wet from a liquid that appeared to be semen. Compl. ¶¶ 27-28.

In June 2017, Stevenson sexually assaulted L.O. at LYIC on three occasions, twice in her room at LYIC and once in the LYIC library. Compl. ¶¶ 29-49. As a result of Stevenson's conduct toward L.O., in August 2017 Detective Aaron Harnish, a member of the Lancaster City Police Department, filed criminal charges against Stevenson. Compl. ¶ 50.

At LYIC, "staff members" supervise residents, and "supervisors" manage staff members. Compl. ¶¶ 55-56. Prior to Stevenson's assault of L.O., "female residents complained to [LYIC's] staff and/or supervisors that Stevenson engaged in inappropriate behavior." Compl. ¶ 58. "As a result, 'unusual reports' were filed against Stevenson." Compl. ¶ 59. Defendant Tawnie Ross, an LYIC supervisor, "became so concerned with Stevenson's behavior that she refused to allow him on the girls' side of the housing area during her periods of supervision." Compl. ¶ 60. Another supervisor, Defendant Mark Kern, "allowed Stevenson to roam freely despite knowledge of his inappropriate behavior or despite failing to be apprised of his behavior." Compl. ¶ 61. A number

of LYIC staff workers, including Defendants Jasmine Torres, Jasmine Vargas, Anita Sims, and Lisa Rios, "were aware that Stevenson took a book from L.O.'s room and/or were aware that Stevenson removed a picture of L.O. from the book." Compl. ¶¶ 62-65. The staff workers failed to report this and other "inappropriate acts" involving Stevenson to their supervisors, or if they did report these acts, the supervisors failed to respond appropriately. Compl. ¶¶ 62-65. At the time of Stevenson's sexual assault, administrative members of LYIC had placed L.O. on "constant watch" because she had been deemed a suicide risk. Compl. ¶ 66.

Prior to Stevenson's employment with LYIC, he had been employed at the Abraxas Academy Shelter from approximately February 2016 to June 2016. Compl. ¶ 71. He was fired from this position, or quit, after residents made accusations of inappropriate conduct. Compl. ¶ 72. Shortly thereafter, Stevenson began his employment with LYIC. Compl. ¶ 73.

Ross and Kern "had knowledge of Stevenson's inappropriate behavior and failed to take action necessary to have him dismissed and/or failed to deny him access to female residents." Compl. ¶¶ 74-75. Defendant Joseph Choi, a director or supervisor at LYIC, "had knowledge or should have had knowledge of Stevenson's inappropriate behavior and failed to take actions necessary to have him dismissed and/or failed to deny him access to female residents." Compl. ¶ 76. Defendant Drew Fredricks, a director at LYIC, "had knowledge or should have had knowledge of Stevenson's inappropriate behavior and/or past record of employment and failed to take actions necessary to have him dismissed and/or failed to deny him access to female residents." Compl. ¶ 77. Torres, Vargas, Sims, and Rios "had knowledge or should have had knowledge of Stevenson's inappropriate behavior and failed to take actions necessary to have him dismissed and/or failed to deny him access to female residents." Compl. ¶ 78.

Based on these allegations, the Complaint asserts claims under § 1983 against Stevenson, Ross, Kern, Choi, Fredericks, Torres, Vargas, Sims, Rios, and LYIC, alleging that these Defendants violated her constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. In addition, the Complaint alleges tort claims of sexual assault and battery against Stevenson.

In March 2018, Defendants Ross, Kern, Choi, Fredericks, Torres, Vargas, Sims, Rios, and LYIC ("the Lancaster Defendants") moved to stay this action pending the conclusion of Stevenson's criminal proceedings in the Lancaster County Court of Common Pleas, docket number CP-36-CR-4738- 2017, related to L.O.'s allegations in this case. In the alternative, the Lancaster Defendants moved to dismiss L.O.'s claims against them for failure to state a claim.

In April 2018, L.O. filed a Motion to Amend her Complaint to add a party. This filing included L.O.'s opposition to the Lancaster Defendants' motion to stay or dismiss.

Also in April 2018, Defendant Stevenson answered the Complaint and, shortly thereafter, filed a motion to stay, contending that this litigation should be stayed pending the resolution of the above-mentioned criminal proceedings in the Court of Common Pleas.

In July 2018, the City of Lancaster filed objections under Rule 45 to two subpoenas that had been served on it on behalf of L.O.'s counsel, requesting that "the requirement of compliance with the [subpoenas] be suspended until the parties have a chance to engage in good-faith negotiations." ECF No. 17. In August 2018, L.O. filed a motion to compel the City to produce certain documents and records.

## II.    Standard of Review – Motion to Dismiss Rule 12(b)(6)

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. Analysis

#### A. Defendants' Motions to Stay are denied as moot.

In July 2018, Stevenson pleaded guilty to the criminal charges in CP-36-CR-4738- 2017. Accordingly, because the criminal proceedings against Stevenson have concluded, Defendants' motions to stay this action pending the conclusion of those proceedings are denied as moot.

#### B. The Lancaster Defendants' Motion to Dismiss is granted.

The Lancaster Defendants move to dismiss all claims against them for various reasons, which the Court addresses as follows.

##### i. L.O.'s Fifth Amendment claims are dismissed with prejudice.

First, the Lancaster Defendants move to dismiss any claims asserted against them under the Fifth Amendment, contending that neither they nor Stevenson are federal actors and therefore cannot have violated L.O.'s rights under this Amendment. L.O. does not address this argument in

her response. In any event, the Lancaster Defendants are correct that the Fifth Amendment applies only to the federal government and L.O. does not allege federal action. *See Local 1498, Am. Fed'n of Gov't Emp. v. Am. Fed'n of Gov't Emp., AFL/CIO*, 522 F.2d 486, 492 (3d Cir. 1975) ("The due process clause of the fifth amendment applies to only the federal government.") Accordingly, the Lancaster Defendants' motion to dismiss L.O.'s claims under the Fifth Amendment is granted as unopposed.

### ii. L.O.'s claims against LYIC are dismissed with prejudice.

Second, the Lancaster Defendants contend that LYIC must be dismissed from this lawsuit because it is not a separate legal entity amenable to suit. L.O. does not contest this point but instead requests leave to amend her Complaint to add Lancaster County as a Defendant as well as a claim of municipal liability against the County. The Court grants as unopposed the Lancaster Defendants' motion to dismiss LYIC and, as explained in further detail below, grants L.O.'s motion to amend her Complaint.

### iii. L.O.'s Eighth Amendment claims are dismissed without prejudice.

Third, the Lancaster Defendants contend that L.O.'s claims under the Eighth Amendment must be dismissed because L.O. was neither a prisoner nor a juvenile delinquent. They contend that, as a non-prisoner, L.O. was protected under the Fourteenth Amendment's Due Process clause, rather than the Eighth Amendment.

L.O. responds that she has properly made claims in the alternative under both the Eighth and Fourteenth Amendments, and that it will "[u]ltimately . . . be up to the judge or perhaps a jury to decide [L.O.'s] legal status." Pl.'s Mem. Opp'n 3. As the Lancaster Defendants point out in their reply, however, L.O. alleges in her Complaint that she was placed in LYIC because she was "deemed a dependent child." There are no allegations that she was placed there as a

delinquent or that she was convicted of any crime. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 584 (3d Cir. 2004) (holding that juvenile detainee's claims were "appropriately analyzed under the Fourteenth Amendment since he was a detainee and not a convicted prisoner"). Accordingly, L.O.'s Eighth Amendment claims are dismissed without prejudice.

### iv. L.O.'s Fourteenth Amendment claims are dismissed without prejudice.

Finally, the Lancaster Defendants contend that L.O.'s Eighth or Fourteenth Amendment claims against them must be dismissed because the Complaint fails to plausibly allege that the Lancaster Defendants were deliberately indifferent to a substantial risk of serious harm, which is the standard applicable to failure-to-protect claims under both the Eighth and Fourteenth Amendments. *See Paulino v. Burlington Cty. Jail*, 438 F. App'x 106, 109 (3d Cir. 2011). L.O. responds that she has plausibly alleged that the Lancaster Defendants "knew or were aware of and disregarded an excessive risk to [L.O.'s] health or safety" and has therefore stated a claim under the Eighth or Fourteenth Amendments.

"Deliberate indifference" is a subjective standard in that the defendant "must actually have known or been aware of the excessive risk to inmate safety." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Beers–Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). Thus, a plaintiff must show that the defendant was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Case law in this circuit suggests that merely alleging that a defendant knew of a risk to the plaintiff is insufficient to support an inference of deliberate indifference absent any factual allegations supporting that conclusion, and thus cannot alone establish facial plausibility." *E.D. v. Sharkey*, No. CV 16-2750, 2017 WL 2126322, at *6 (E.D. Pa. May 16, 2017).

An examination of L.O.'s factual allegations reveals that she has not plausibly alleged that any of the Lancaster Defendants knew or were aware of and disregarded an excessive risk to her. As summarized above, L.O. has alleged that "female residents complained to staff and/or supervisors that Stevenson engaged in inappropriate behavior" and that "unusual reports" were filed against Stevenson. But as the Lancaster Defendants point out, L.O. does not specify what inappropriate behavior was known by which, if any, Lancaster Defendant. Nor does L.O. specify the contents of the "unusual reports" or who was aware of the reports. Although L.O.'s allegation that staff members Torres, Vargas, Sims, and Rios "were aware that Stevenson took a book from L.O.'s room and/or were aware that Stevenson removed a picture of L.O. from the book" is more specific than her allegations of "inappropriate behavior" and "unusual reports," this allegation does not show that these staff members knew of and disregarded an excessive risk to L.O. Notably, the Complaint does not allege that the staff members knew about the more graphic allegations in the Complaint, including that Stevenson had returned a photograph to L.O. that was wet with a substance appearing to be semen. Rather, the Complaint alleges merely that the staff members knew that Stevenson took a book or picture from L.O. This allegation does not, by itself, suggest that the staff members knew of a substantial risk to harm to L.O. Accordingly, L.O.'s Fourteenth Amendment claims against the Lancaster Defendants are dismissed without prejudice.

**C.     L.O. is granted leave to amend her Complaint.**

The deficiencies in L.O.'s Eighth and Fourteenth Amendment claims are factual in nature and the Court cannot determine at this time whether an amendment would be futile. Accordingly, the Court will permit L.O. leave to her amend her Complaint to remedy the deficiencies identified herein, add Lancaster County as a Defendant, and allege a municipal liability claim

against the County. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility, a court should grant a plaintiff leave to amend a deficient complaint).

**D.  L.O.'s Motion to Compel is denied without prejudice.**

In July 2018, the City of Lancaster filed objections under Rule 45 to two subpoenas that had been served on it on behalf of L.O.'s counsel, stating that the City required additional time to consult with the Lancaster Office of the District Attorney concerning the subpoenas and to engage in good-faith negotiations with Plaintiff's counsel. In August 2018, L.O. filed a motion to compel the City to produce certain documents and records. According to the motion, after the City filed its objections in July, L.O.'s counsel conferred with the City's counsel and with Defendants' counsel but they were unable to resolve their differences.

> Section II(B)(3) of the Undersigned's Policies and Procedures reads as follows:
>
> <u>Discovery Disputes – Telephone Conferences</u> Counsel must exhaustively address all discovery disputes among themselves before requesting the Court's intervention. If the parties are unable to resolve a discovery dispute on their own, counsel are to initially send correspondence to the Court briefly describing the dispute and the parties' respective positions and must certify that all counsel have already made a good faith effort to resolve the issue themselves as required by Local Rule of Civil Procedure 26.1, which must describe in detail the efforts the parties made to resolve the dispute on their own. The Court may thereafter schedule a telephone conference with counsel to address the dispute or direct the parties to file motions and briefs. If the parties are directed by the Court to file a motion, counsel must certify as part of the motion that all counsel have already made a good faith effort to resolve the issue themselves as required by Local Rule of Civil Procedure 26.1.

L.O.'s counsel did not follow the above-mentioned steps before filing the motion to compel. Accordingly, the motion to compel is denied without prejudice as premature.

## IV. Conclusion

For the reasons set forth above, Defendants' motions to stay are denied as moot. The Lancaster Defendants' motion to dismiss is granted and L.O.'s claims against the Lancaster Defendants are dismissed without prejudice. L.O. is granted leave to amend her Complaint to add Lancaster County as a Defendant, to allege a municipal liability claim against the County, and to remedy the deficiencies in the Complaint identified in this Opinion. Finally, L.O.'s motion to compel is denied as premature. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge