UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                :
L.O., a minor,                                  :    CIVIL ACTION
                    Plaintiff,                  :
                                                :
        vs.                                     :    NO. 18-0357
                                                :
DAVID T. STEVENSON, former staff worker,        :
LANCASTER COUNTY, a governmental                :
unit, et al.,                                   :
                    Defendants.                 :
_____             :

**Perkin, Henry S., M.J.**                                                               **November 26, 2019**

## **MEMORANDUM**

Before this Court is a Motion to Consolidate (ECF No. 77) filed by Plaintiff, L.O. Specifically, Plaintiff seeks to consolidate for trial this action with four other related cases pending before this Court. The five cases were consolidated for discovery on July 9, 2019 (ECF No. 74). For the following reasons, the Motion will be granted.

**I.    BACKGROUND.**

      **A.**     *L.O. v. Stevenson, et al.* **– Civil Action No. 18-0357**

L.O. alleges various overt sexual comments and actions from October 2016 through April 2017 by Defendant Stevenson, a fifty-four year old former employee of the Lancaster County Youth Intervention Center ("LCYIC"), toward her and other minor females while they were sheltered residents at LCYIC. L.O. was a minor in Lancaster County custody as a shelter resident at LCYIC from October 2016 through April 2017 and again from June through July 2017. She also alleges unwanted sexual touching and sexual assault by Stevenson at LCYIC in June 2017 and July 2017.

### B. The Related Cases

The other four related cases are *J.G.M. v. Stevenson, et al.,* Civ. A. No. 18-5026; *J.M.M. v. Stevenson, et al.*, Civ. A. No. 19-802; *Q.M. v. Stevenson, et al.*, Civ. A. No. 18-4986; *K.G. v. Stevenson, et al.*, Civ. A. No. 18-4985. J.G.M. was a minor in detention at LCYIC from May to November 2016 and alleges Defendant Stevenson committed various sexual acts and assaults on her from September through November of 2016. K.G. was a minor in Lancaster County custody as a shelter resident at LCYIC from February 2017 through July 2017. She alleges sexual comments and staring by Defendant Stevenson throughout her time at LCYIC which culminated in unwanted touching by Stevenson in an office in June 2017. J.M.M. was a minor in Lancaster County custody as a shelter resident at LCYIC from May through July 2017. She alleges a pattern of sexually harassing behavior by Defendant Stevenson from the time she arrived at LCYIC which escalated to him physically forcing her into a closet in June of 2017 and sexually and physically assaulting her without her consent. Q.M. was a minor in Lancaster County custody as a shelter resident at LCYIC from May through July 2017 and alleges that Defendant Stevenson sexually touched himself and masturbated in her presence, stared at her and uttered sexual comments and innuendo while she resided there and physically touched and assaulted her in a sexual and non-sexual manner.

### C. Motion to Consolidate

On August 27, 2019, L.O. filed a Motion to Consolidate the actions. The County Defendants (all Defendants other than Stevenson) oppose this Motion. The Motion is fully briefed and is ripe for review.

### D. Jurisdiction

Subject matter jurisdiction in this case is proper pursuant to 28 U.S.C. § 1331. Because Plaintiff's state law claims against Defendant Stevenson form part of the same case or controversy, subject matter jurisdiction over those claims is proper pursuant to 28 U.S.C. § 1367(a).

This case was originally assigned to the Honorable Joseph F. Leeson, Jr., and the parties consented to the exercise of jurisdiction by a Magistrate Judge on March 14, 2019 (ECF No. 41). Judge Leeson entered a March 15, 2019 Order pursuant to 28 U.S.C. section 636 (c) and Federal Rule of Civil Procedure 73 referring this case to the undersigned for resolution. (ECF No. 42).

## II. **STANDARD OF REVIEW.**

Federal Rule of Civil Procedure 42 provides that a court may consolidate actions arising out of a common question of law or fact. FED.R.CIV.P. 42(a). To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or *sua sponte*. *Ellerman Lines, Ltd. v. Alt. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC*, No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014). "A court may deny a motion to consolidate if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice." *Easterday v. Federated Mut. Ins. Co.*, No. 14-1415, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015).

## III. DISCUSSION.

### A. Plaintiff's Motion for Consolidation

Plaintiff contends that consolidation of these five cases for trial is appropriate because the related cases are brought against Lancaster County, David Stevenson, and LCYIC staff workers, supervisors and administrators with an identical core liability question, i.e., whether the Defendants were deliberately indifferent to a substantial risk of harm to the Plaintiffs.[1] This Court will be required to evaluate the evidence of prior sexual misconduct for every sexual assault committed by Defendant Stevenson pursuant to Federal Rule of Evidence 415 to determine admissibility in each case. Plaintiff thus argues that consolidation will promote efficiency for the Court and allow the individual Plaintiffs to avoid testifying five times in five separate trials about Defendant Stevenson's sexual harassment and sexual assaults against them. Plaintiff further argues that consolidation will not unfairly prejudice the defense of the *Monell* claims, noting that J.G.M. was assaulted in 2016 whereas L.O., Q.M., K.G. and J.M.M. were assaulted in 2017. Because some facts in the 2017 cases are not pertinent to J.G.M.'s case, distinguishing the facts which occurred in J.G.M.'s case in 2016 will not confuse the jury.

### B. County Defendants' Opposition to Consolidation

The County Defendants contend that consolidation of these cases is improper because each case is asserted against different individual Defendants, involves alleged assaults occurring on distinct timelines, and alleges varying degrees of the County Defendants' constructive knowledge of Defendant Stevenson's propensity for sexual assault. The County Defendants also

---

[1] Defendant Stevenson was employed as a staff worker at LCYIC from August 2016 through July 2017. Regarding L.O., Stevenson was charged with ten criminal counts including involuntary deviate sexual intercourse (F-1). Regarding J.G.M., Stevenson was charged with four criminal counts, including institutional sexual assault (F-3). Regarding Q.M., Stevenson was charged with four criminal counts, including institutional sexual assault (F-3). Regarding J.M.M., Stevenson was charged with ten criminal counts, including involuntary deviate sexual intercourse (F-1). K.G. declined to be interviewed by Lancaster County Detectives, resulting in no charges being filed against Stevenson for his conduct toward her. He pled guilty to the majority of charges against him and is currently incarcerated.

contend that consolidation could hinder their defense against one or more of the asserted *Monell* claims. Each *Monell* claim is predicated upon a theory that the County "implemented an ineffective policy" that allowed Defendant Stevenson "to have unsupervised access to residents, even after a resident reported that she had been sexually assaulted and/or reported that [Defendant Stevenson had attempted to assault her]." *See, e.g., J.G.M. v. Stevenson, et al.,* Civ. A. No. 18-5026, at ECF 1, ¶ 94. To prevail, each Plaintiff must produce evidence that a County policymaker had knowledge of and exhibited deliberate indifference to Defendant Stevenson's propensity to sexually assault LCYIC residents *at the time of their assault.* Since each Plaintiff's alleged assault or assaults occurred during different time periods and involved some different staff members, the County Defendants argue that the potential knowledge that could be imputed to LCYIC staff members and/or the County policymaker(s) *may* vary from case to case. Thus, the County Defendants argue that a single trial would create a substantial risk of jury confusion regarding the County's actual or constructive knowledge of Stevenson's propensity to commit the alleged assaults, and when the County acquired such knowledge. The County Defendants argue that the Plaintiffs should not be permitted to bolster allegedly weak cases of *Monell* liability by introducing evidence of knowledge acquired after each alleged assault. They argue that each case has its own distinct timeline and relevant facts, and each should be tried separately to ensure fairness for all parties.

If these cases are consolidated for trial, the jury must weigh whether the individual Defendants were deliberately indifferent to the risk of harm to each Plaintiff, all of whom were allegedly assaulted on different dates and at different times. The County Defendants argue that this could lead the jury to confuse relevant timelines, ascribe prior knowledge to the County Defendants, and bolster weaker cases where the evidence presented might not support such a

finding. They thus argue that the anticipated cumulative effect of the evidence weighs against consolidation.

C.      **Consolidation is Appropriate**

Each Plaintiff will have to prove that each individual County Defendant was aware of and deliberately indifferent to Defendant Stevenson's propensity for sexual abuse. These inquiries will vary depending on the evidence amassed regarding each Defendant's actual or constructive notice of Defendant Stevenson's propensity for sexual assault on the dates each alleged assault occurred.

Plaintiffs argue that every act of sexual assault committed by Stevenson would be admissible in each separate trial if the instant motion is denied. However, the Court's admissibility analysis under Rule 415 requires first a relevancy and then balancing analysis under Fed. R. Civ. P. 403. This weighs in favor of consolidation.

Consolidation for trial is appropriate. There is one identical core liability question, i.e., whether the Defendants were deliberately indifferent to a substantial risk of harm to the Plaintiffs. The same Defendants are named in four of the five cases; in each of those four cases, only a few Defendants vary among the other named Defendants. The distinctions between the cases are not considerable enough to cancel any benefit gained by consolidation. Moreover, counsel for all the parties are skilled and experienced trial lawyers, and the Court is confident that counsel's skill and experience will enable them to sufficiently distinguish the cases to enable a jury to fairly and adequately weigh the evidence against each Defendant.

Consolidation of these actions will conserve the resources of the parties and/or counsel, and will have great effect on the limited resources of the judiciary. There is good reason for these five actions to be consolidated and consolidation will not prejudice the County Defendants'

meaningful opportunity to refute and defend against each Plaintiff's claims. Accordingly, the motion to consolidate will be granted.

An appropriate Order follows.